Sherman H. SKOLNICK and Harriet Sherman, Plaintiffs,

v.

ILLINOIS STATE ELECTORAL BOARD, Defendant.

No. 69 C 755.

United States District Court
N. D. Illinois, E. D.

Dec. 31, 1969.

Sherman H. Skolnick and Harriet Sherman, pro se.

The Chicago Bar Association, by John J. Sullivan, and James P. Chapman, Chicago, Ill., amicus curiae.

Don H. Reuben, Lawrence Gunnels, Chicago, Ill., and John E. Cassidy, Jr., Peoria, Ill., for defendant.

Before CASTLE, Chief Circuit Judge, and CAMPBELL and DECKER, District Judges.

## MEMORANDUM, FINDINGS OF FACT, CONCLUSIONS OF LAW AND DECREE

PER CURIAM.

Plaintiffs acting *pro se* have brought this action on their own behalf and on behalf of, "all other voters, residents, citizens, taxpayers and persons similarly situated", and seek to set aside the present apportionment plan for Illinois Congressional Districts. The present districts were formulated and adopted in December 1965 by joint action of this court and the Supreme Court of Illinois. Kirby v. Illinois State Electoral Board, 251 F.Supp. 908 (1965) and People ex rel. Scott v. Kerner, 33 Ill.2d 460, 211 N.E.2d 736 (1965). The present plan was deemed constitutional when promulgated. (251 F.Supp. at 910). Recent decisions of the United States Supreme Court, however, establish that population deviations regarded constitutional in the 1965 plan now would exceed constitutional standards. For example, in Kirkpatrick v. Preisler, 394 U.S. 526, 89 S.Ct. 1225, 22 L.Ed.2d 519 deviations of only 3.13 per-cent above and 2.83 per-cent below the average were held invalid. In Wells v. Rockefeller, 394 U.S. 542, 89 S.Ct. 1234, 22 L.Ed.2d 535, the Court held invalid deviations ranging from 6.6 per-cent above to 6.8 per-cent below the average. These decisions obviously seem to demand mathematical exactness in drawing Congressional districts.

The present districts under our 1965 plan for Illinois contain deviations as high as 7.5 per-cent above the average and 6.1 per-cent below. Accordingly, we now must conclude that the present districting plan is unconstitutional. We now turn to the appropriate relief.

The court appointed *Amicus Curiae*, Chicago Bar Association by John J. Sullivan, Esq. and James P. Chapman, Esq. has suggested that the most appropriate relief considering all of the circumstances is to declare the present plan unconstitutional and to require a new and constitutional plan to be adopted before the 1972 election, permitting the 1970 election to be conducted under the present plan. Candidates for the 1970 election have already filed all necessary petitions for the 1970 primary. We agree in substance with the proposals of our distinguished *Amicus.*

In determining what relief to fashion we are presented with a question similar to that before the court in Skolnick v. Illinois State Electoral Board, 307 F.Supp. 691, challenging the validity of the present apportionment plans for the Illinois State Senate and State House of Representatives. (Decided December 1, 1969). In that case the court concluded that the 1960 census figures, the most recent figures available, were no longer reliable; that more current figures can not be obtained; and that the only alternative, namely an election-at-large, is a completely impracticable and inequitable remedy. We agree with the conclusions of that court and adopt its rationale as the principles expressed there apply equally here. We further conclude, as

did the court in the prior case, that under the circumstances the present plans are, "the best that can be had within the framework of the Constitutional provision applicable until 1970 * * *." Jackman v. Bodine, 53 N.J. 585, 252 A.2d 209, 211 (N.J., 1969), cert. denied, Supreme Court of the United States, October 13, 1969, 396 U.S. 822, 90 S.Ct. 63, 24 L.Ed.2d 73.

Accordingly, we conclude that the only equitable and practicable solution is to order the election in 1970 to be conducted under the present (1965) map and to order redistricting based on 1970 census figures before the election of 1972. It is therefore ordered and decreed:

I. The present court drawn map for election of Members to the United States House of Representatives from Illinois—though deemed constitutionally valid when adopted and though the deviations from the required mathematical exactness are slight—is presently unconstitutional.

II. All Members shall therefore be elected to the United States House of Representatives from Illinois under the present map only for one more term of two years at the general election scheduled for November 1970.

III. This court assumes that the General Assembly of Illinois will, during its legislative session in the first half of 1971, enact a complete and constitutionally valid plan of reapportionment for election of Members to the United States House of Representatives from Illinois. Defendant is hereby ordered to present to this court on or before July 1, 1971 such duly enacted plan of reapportionment. Upon failure so to do this court shall undertake appropriate relief.

IV. This court retains jurisdiction of this cause to fully carry into effect the foregoing.